FILED
98 AUG -3 PM 1:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMMIE WILLIAM SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 96-P-3369-S |
| | ) | |
| OFFICER MIMS, OFFICER RODNEY NIXON, AND OFFICER TIMOTHY THORIN, of the Birmingham Police Task Force, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
AUG 3 1998

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on July 1, 1998, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed with prejudice and that the plaintiff's "Motion for a Judgment on the Pleadings and for Summary Judgment in the Plaintiff's Favor" be denied. The plaintiff filed objections to the report and recommendation and submitted a motion to amend the complaint on July 13, 1998.

As the magistrate judge stated in his report and recommendation, plaintiff's cause of action arose out of an incident where he was questioned by Officers Rodney Nixon and Timothy Thorin of the Birmingham Police Department, his apartment was searched, and he was arrested. After a thorough consideration of the plaintiff's allegations and the defendants' response thereto, the magistrate judge concluded:

28

1. That the plaintiff has offered no allegations that support a § 1983 claim against any Birmingham Police Officer named Mims;

2. That the plaintiff has offered no allegations that support a § 1983 unlawful search claim against defendant Timothy Thorin;

3. That defendants Thorin and Nixon are entitled to qualified immunity on the claim that they illegally arrested the plaintiff; and,

4. That defendant Nixon is entitled to qualified immunity on the unlawful search claim.

Therefore, the magistrate judge recommended that the plaintiff's claims be dismissed with prejudice. Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation that the plaintiff's claims be dismissed with prejudice is **ACCEPTED**.

To the extent that the plaintiff asserts in his objections that Officer Thorin was at the entrance to the apartment at the time Officer Nixon conducted his search, that fact does not sufficiently change the circumstances to warrant altering the determination of the magistrate judge. Further, under the circumstances alleged, Officer Thorin would be entitled to qualified immunity. Accordingly, the complaint is due to be **DISMISSED** with prejudice.

Plaintiff's motion to file an amended complaint, which is in essence a restatement of his complaint, and his "Motion for a Judgment on the Pleadings and for Summary Judgment in the Plaintiff's Favor" are also due to be **DENIED**.

DONE this the 3rd day of ~~July~~ August, 1998.

_____
SAM C. POINTER, JR.
CHIEF UNITED STATES DISTRICT JUDGE